THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN TALIAFERRO, Defendant-Appellant.

(No. 12332;

Fourth District—December 30, 1974.

Frederick P. Erickson, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert I. Wrigley, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant herein was charged with driving under the influence of an intoxicating liquor, leaving the place of an accident, making an improper left turn and other offenses resulting from an automobile collision. After a jury trial, the defendant was convicted on all counts and sentenced to 6 months. This appeal followed. Three errors were alleged: (1) failure to prove the defendant guilty beyond a reasonable doubt; (2) prejudicial remarks in the opening statement, and (3) an excessive sentence.

The facts reveal that about 8:15 P.M. on August 19, 1972, in Decatur, Illinois, a Donald Jensen was traveling west on Decatur Street. He approached an intersection and stopped at a stop sign behind another vehicle. A third vehicle approached the intersection traveling south and made a left turn onto Decatur Street. When making the turn, the driver stopped and went over the curb onto the sidewalk and then completing the turn, his vehicle hit and glanced off the rear of Jensen's automobile. This vehicle then proceeded east without stopping. The driver was described as a Negro male with medium hair and about 30 years of age. He was alone in the vehicle. The car was described as light colored, and Jensen thought the color was green. He stated that the color of some paint left on his car was darker than blue; he thought it was green but he was not sure. Jensen's vehicle was blue.

This incident was reported to the police and a hit-and-run accident report was filed. Subsequent investigation turned up a 1963 green-over-white Ford parked at a 30-degree angle in a driveway with its lights on but the engine off. Defendant was found asleep in the vehicle, lying across the seat with his head down on the right front seat with his feet hanging out the driver's door. He exhibited strong signs of intoxication.

The defendant was frisked and placed in the paddy wagon; no keys were found either on him or in the car.

The arresting officer testified that there was some damage to the left front of this vehicle and remembered that there was some dark blue paint on the left front bumper or fender. He also testified that he found damage to the left rear of the Jensen vehicle and particles of green paint in that area. The defendant was given a breathanalyzer test and the results showed the defendant to be intoxicated.

■■ In cases of this nature, the burden upon the State is among other things to prove beyond a reasonable doubt that the defendant was, in fact, the driver of the vehicle, that he was intoxicated and that the vehicle herein was the one that collided with the Jensen vehicle. (*People v. Miller*, 23 Ill.App.2d 352, 163 N.E.2d 206.) Guilt may be established by circumstantial evidence, and frequently circumstantial evidence can and does have more probative value than direct eyewitness identification. To support a conviction, it is essential that the facts produced be not only consistent with defendant's guilt but they must be inconsistent with any reasonable hypothesis of innocence. (*People v. Branion*, 47 Ill.2d 70, 265 N.E.2d 1; *People v. Mundorf*, 97 Ill.App.2d 130, 239 N.E.2d 690.) The jury, however, does not have to disregard the reasonable inferences that flow from the evidence before it. (*People v. Chamberlain*, 5 Ill.App.3d 235, 282 N.E.2d 784.) When, however, the record reveals a reasonable doubt as to defendant's guilt, the appellate court must reverse. *People v. Varley*, 8 Ill.App.3d 657, 290 N.E.2d 346.

The standard of proof required has not been met in this case. Perhaps a tight circumstantial evidence case could have been made, but it was not. The identification of the vehicle was vague. Jensen thought the paint of the vehicle was green, but he was not sure; no police officer or other person identified paint scrappings or matched them to the car in which the defendant was found. Jensen was not shown any photographs of the vehicle to identify. There was no testimony as to the length of time between when the vehicle was found and when the accident had occurred, nor was there testimony as to the distance between where the accident occurred and where the defendant was arrested. Similarly, the identification of the defendant as the driver of the vehicle is totally lacking. The automobile was not running at the time the defendant was arrested. No keys were found in his pockets nor in the vehicle. The defendant was asleep at the time he was arrested, and there is no testimony as to the time between the accident and defendant's arrest. No one identified him as the driver of the vehicle nor, in fact, that he had ever driven the vehicle. No fingerprints were taken from the steering wheel to show that defendant even had used it.

■■  The most that the evidence therefore showed was that a vehicle similar to the one defendant was found asleep in sometime in the past at some unknown distance from where the vehicle was parked had collided with the Jensen vehicle. To say with certainty that this was the vehicle involved in the accident and that defendant was the driver under these facts is to rest the conviction upon surmise and conjecture and not upon proper or reasonable inferences inevitably drawn from the web of circumstantial evidence. (*People v. Striker*, 3 Ill.App.3d 464, 274 N.E.2d 881; *People v. Rutzen*, 100 Ill.App.2d 323, 241 N.E.2d 609.) For these reasons this conviction cannot stand.

Because of the holding of this court as aforesaid, it is not necessary to discuss the other two alleged errors.

Accordingly, this cause is reversed and remanded to the trial court with directions to enter judgment for defendant.

Reversed and remanded.

CRAVEN and CLARK, JJ., concur.