THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES S. DONAHUE, Defendant-Appellant.

First District (1st Division)   No. 76-833

Opinion filed June 27, 1977.

Robert L. Edwards and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Wendy Paul Billington, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, James Donahue, was found guilty after a bench trial of the offense of murder. The circuit court of Cook County sentenced him to 15-25 years imprisonment. The primary issue on appeal concerns whether the defendant's fingerprint found in the victim's apartment, standing alone, is sufficient to support the conviction.

We reverse.

The record discloses the following pertinent facts, as briefly

summarized. On June 9, 1975, the victim's body was found in her apartment. Her head was covered with plastic bags which were tied around her neck with two cords. One of these cords was the electric cord attached to a steam iron. The victim's apartment was in complete disorder, some items were discovered missing, but there were no signs of forcible entry. Four empty beer cans and a broken bottle of Chivas Regal were found, and the victim had alcohol in her blood. Fingerprints and portions of fingerprints were found on the steam iron, the beer cans, a television set, and various flat surfaces throughout the apartment. The plastic bags used to suffocate the victim were not dusted for fingerprints, although they would have received fingerprint impressions. The only evidence linking the defendant to the crime was the testimony that one of his fingerprints matched one of the fingerprints found on the iron. The police evidence technicians did not, however, know where on the iron they found defendant's fingerprint. The defendant's evidence in his behalf was the testimony of the victim's sister, who said that she visited with the victim about a week prior to the murder, and that the victim had been entertaining a man named James who said he was a cook, who looked similar to defendant, and had missing upper teeth. In fact, defendant was named James, was employed as a cook at the time of his arrest, and had missing upper teeth. The witness also stated that at the time, the victim was mending some clothing which was to be given away. The sewing machine was being used.

Defendant's principal argument on appeal is that the State failed to prove him guilty beyond a reasonable doubt because there was no proof that his fingerprint could have been impressed on the iron only at the time the crime was committed. The prosecution's theory is that in light of the unexplained presence of the defendant's fingerprint on the instrumentality of the murder, the defendant was proved guilty beyond a reasonable doubt.

■■■ Two basic rules of criminal jurisprudence are involved in this case. The first rule is that where the only evidence supporting a conviction is circumstantial evidence, the proof of circumstances must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Marino* (1970), 44 Ill. 2d 562, 256 N.E.2d 770.) As stated in *People v. Lewellen* (1969), 43 Ill. 2d 74, 78, 250 N.E.2d 651, 654: "Where the only evidence in a prosecution for homicide is circumstantial evidence the guilt of the accused must be so thoroughly established as to exclude every other reasonable hypothesis." The second rule is that a defendant's fingerprint found in the place where a crime was committed, or in the immediate vicinity, may be sufficient proof of identity as to sustain a conviction if the

fingerprint could have been impressed only at the time the crime was committed. *People v. Reno* (1975), 32 Ill. App. 3d 754, 336 N.E.2d 36; *Annot., Fingerprints, palm prints, or bare footprints as evidence*, 28 A.L.R.2d 1115, §§28-30 (1953).

■■ The evidence presented by the prosecution in the instant case circumstantially proved that defendant was probably in the victim's apartment at some time, but does not prove beyond a reasonable doubt that defendant impressed his fingerprint on the iron as its cord was wrapped around the victim's neck. Under these circumstances the State has not ruled out the possibility that the print could have been impressed at a time other than when the crime was committed. In some cases, evidence of the particular location of the fingerprint satisfies this requirement, as does the prosecution's proof of the chain of contact of the touched item which would show that the item could have been touched only at the time of the crime. (*People v. Reno.*) In our case, however, the prosecution failed in its proof, instead attempting to improperly shift the burden to defendant to explain what the prosecutor referred to as the "unexplained fingerprint." In short, there is neither a reasonable nor a moral certainty that James Donahue and no one else committed the crime. In light of our determination that this cause must be reversed, defendant's remaining contentions need not be discussed.

For the above-mentioned reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

GOLDBERG, P. J., and O'CONNOR, J., concur.