THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID DE ANGELO, Defendant-Appellant.

Third District   No. 76-361

Opinion filed July 25, 1977.

Vincent Cerri, of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (Kenneth A. Grnacek, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

After a bench trial in the Circuit Court of Will County defendant David De Angelo was convicted of driving an unsafe vehicle and leaving the scene of an accident in violation of sections 12—101(a) and 11—401(a) respectively, of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, pars. 12—101(a), 401(a)). He was fined for driving an unsafe vehicle and sentenced to spend 15 weekends in the county jail for leaving the scene of an accident. On appeal the sole issue raised is whether defendant was proved guilty beyond a reasonable doubt.

About 8 p.m. on August 12, 1973, Joanne Robinson witnessed a hit-and-run accident involving an auto and two pedestrians as she drove eastbound along Exchange Road in the city of Park Forest South. The stretch of Exchange Road where the accident occurred is four lanes wide, two in each direction, and is not artificially lighted although it runs

through a business district. Prior to the accident Robinson saw a station wagon driven by Joanne Anderson, whom she knew, in the rearview mirror of her car. She also saw a second car behind her without any headlamps on.

Robinson's car was in the lane nearest the centerline and she was able to identify the second car as a dark-colored Thunderbird with a vinyl top as it passed her on the right. The Thunderbird cut in front of Robinson's car after passing it. Robinson testified that although the street was dark and she could not tell who was driving the Thunderbird she did notice that no one occupied the passenger's seat. She also testified that the Thunderbird struck a man and a woman who were crossing the centerline, tossing one of them onto the car's hood, and then sped off after barely stopping at a stop sign a bit further east along Exchange Road. Robinson gave chase but could not catch the Thunderbird, and she reported the incident in person at the police station shortly thereafter.

Officer Caruso went to the Old Town Tap at about 10:50 p.m. after receiving a radio communication that a woman had overheard a young blond man on a telephone say that he had struck two pedestrians with his car. An objection to this testimony as being hearsay was sustained. Caruso approached a young blond male at a pay phone who identified himself as David De Angelo. De Angelo told Caruso that he owned a 1967 Thunderbird, dark green in color with a cracked windshield.

Caruso did not arrest defendant at the tap but instead accompanied him home to have a look at the car. Caruso testified that the Thunderbird parked in defendant's driveway had a 12- to 20-inch crack in the front windshield, a damaged hood and was dusty except for the hood. The Thunderbird was impounded later that night and removed to the police station.

Harry Phillips, the former chief of police, questioned defendant at the police station shortly after midnight on August 13. Defendant told him that he drove alone to a place called the Picnic Grove between 7 and 9 p.m. on August 12 and later returned home without incident before leaving again for the Old Town Tap. Phillips testified that the Picnic Grove was only accessible from Exchange Road. Defendant also told Phillips that his car was in good shape and undamaged when he returned home from the Picnic Grove. Phillips testified that the Thunderbird's retractable headlamps were subjected to four types of tests later on August 13 and were not functioning properly.

Although Joanne Anderson did not attend the trial, Caruso testified that he was present when she identified the hit-and-run vehicle and that this was the same car which was taken from defendant's driveway. No objection was made to this testimony. Joanne Robinson, who did testify

at trial, also identified defendant's car as the one involved in the accident. Defendant did not testify at his trial.

Defendant contends that his convictions for leaving the scene of an accident and driving an unsafe vehicle must be reversed because his identity as the driver of the hit-and-run vehicle was not established beyond a reasonable doubt. We disagree. The record discloses ample evidence to support the court's conclusion of the defendant's guilt. In our opinion there was sufficient circumstantial evidence in this case to establish his identity as the driver of the car and to sustain his convictions for the above offenses.

This is not to say that no direct evidence was adduced at trial. To the contrary, with respect to the charge of leaving the scene of an accident Joanne Robinson's testimony directly established that an accident involving a dark-colored Thunderbird occurred on Exchange Road at approximately 8 p.m. on August 12, 1973, and that the hit-and-run vehicle had a sole occupant. Robinson also identified defendant's Thunderbird as the hit-and-run vehicle later at the police station and Officer Caruso testified that the car she viewed was the one removed from defendant's driveway. Similarly, in regard to the charge of driving an unsafe vehicle both Caruso and Phillips testified that the Thunderbird's headlights did not operate properly.

Turning specifically to the offense of leaving the scene of an accident, we note that the evidence on the issue of the hit-and-run driver's identity was entirely circumstantial.

■■ Although defendant did not testify, his out-of-court statements to Officer Caruso and former police chief Phillips were properly received in evidence as admissions. Express admissions are statements of the opposing party whose words may fairly be used against him. (McCormick, Evidence §262, at 628 (2d ed. 1972); *cf. People v. Miner* (5th Dist. 1977), 46 Ill. App. 3d 273, 360 N.E.2d 1141.) In the instant case defendant admitted that he owned a dark green 1967 Thunderbird which he was driving alone along Exchange Road between 7 and 9 p.m. on August 12, 1973. Defendant's out-of-court statements tended to corroborate Robinson's account of the incident and were certainly consistent with the other evidence of his guilt, such as the cracked windshield, the damaged hood and the lack of dust on the hood of an otherwise dusty car.

Defendant, however, contends that the proof on the charge of leaving the scene of an accident was not inconsistent with every reasonable hypothesis of innocence. To support a conviction based on circumstantial evidence it is essential that the facts proved not only be consistent with the defendant's guilt, but that they must be inconsistent with any

reasonable hypothesis of innocence. (*People v. Morgan* (5th Dist. 1976), 44 Ill. App. 3d 459, 358 N.E.2d 280.) At the same time the defendant's guilt need not be proved beyond any possibility of a doubt (*People v. Morgan; People v. Ortiz* (1st Dist. 1976), 44 Ill. App. 3d 124, 357 N.E.2d 1270), and the trier of fact is not required to search for a series of possible explanations compatible with innocence to elevate them to the status of reasonable doubt. *Cf. People v. Huff* (1963), 29 Ill. 2d 315, 194 N.E.2d 230.

■■ ■ In evaluating defendant's contention, we note he neither testified nor presented evidence at trial, and we seriously question whether any hypothesis of innocence, reasonable or otherwise, has been raised. Assuming *arguendo* that defendant's contention refers to his out-of-court statements to former chief Phillips, we think it is fair to characterize these statements as a mere denial of any involvement in the accident on Exchange Road. To claim that such denial constitutes a reasonable hypothesis of innocence which ought to have precluded a conviction for leaving the scene of an accident is to obscure the judge's role as the trier of fact in a bench trial. Where a cause is tried without a jury the determination of the witnesses' credibility and the weight to be accorded their testimony is committed to the trial judge. (*People v. Cokley* (1st Dist. 1977), 45 Ill. App. 3d 888, 360 N.E.2d 545.) Here the judge heard Officer Caruso testify that the defendant told him the windshield of his Thunderbird had been cracked for a long time. He heard Chief Phillips testify that defendant denied the Thunderbird's windshield was damaged when he left the car in his driveway to go to the Old Town Tap. Both of defendant's extrajudicial statements were admissible as exceptions to the hearsay rule. Under such circumstances we do not think the trial judge was required to accept either of defendant's statements as being true, and in light of the other overwhelming evidence of guilt, correctly convicted him of leaving the scene of an accident. Defendant's reliance on *People v. Taliaferro* (4th Dist. 1974), 24 Ill. App. 3d 825, 321 N.E.2d 703, and *People v. Ramirez* (1st Dist. 1973), 18 Ill. App. 3d 404, 304 N.E.2d 699, is misplaced. Both of those cases were factually different than the instant case and presented a reasonable alternative explanation of the evidence.

■■ Having properly determined that defendant was the driver of the hit-and-run vehicle, the trial judge was also warranted in finding him guilty of driving an unsafe vehicle. Section 12—101(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch 95½, par. 12—101(a)) provides in part that:

> "It is unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such

unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this Chapter * * *."
Section 12—201(a) requires the drivers of all motor vehicles to display their headlamps "at any * * * time when visibility is so limited as to require the use of lights for safety" and section 12—211(a) requires that at least two lighted driving lamps must be displayed at all times specified in section 12—201. (Ill. Rev. Stat. 1973, ch. 95½, pars. 12—201(a), 12—211(a).) Based on these statutory provisions and the evidence which discloses that defendant's headlamps were not properly working, that they were not displayed at the time of the accident and that Exchange Road was dark, we think defendant's conviction for driving an unsafe vehicle was correct beyond a reasonable doubt.

Accordingly, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.