THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FAIRL VAN ZANT, Defendant-Appellant.

Third District   No. 79-110

Opinion filed June 3, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the defendant, Fairl Van Zant, following his conviction for burglary. After being found guilty, he was sentenced to a determinate term of imprisonment of four years. In this appeal, the only issue raised is whether the trial court erred by denying the defendant's motion for a directed verdict, since, in the view of the defendant, it was not established that the defendant's fingerprint was placed on the victim's clock radio during the commission of the crime.

At the jury trial, the victim testified that when he left his apartment for work the morning of the burglary, July 14, 1978, his clock radio was on a chair behind his bed in the bedroom. He had had the radio for about 1½ years and had used it daily to awaken himself. The victim also testified that he did not know the defendant and gave no one permission to enter the apartment while he was gone.

Upon returning to his apartment in the afternoon, the victim found that the back door of his apartment was standing wide open, and his radio had been moved to the kitchen table. In addition, the curtains in the bedroom had been pulled down from the window, his television, camera, and a small calculator were missing, and the glass in the bedroom window was broken.

Also testifying was Angela Mendoza, an eight-year-old girl who had been playing in the area on the day of the burglary. She testified she had been playing at the Harrison Homes when she saw a black man, carrying a television, run from the rear of the house across the street. Angela testified that she could not see the man's face, but she said he was a young, heavy-set black man wearing blue jeans and a little jacket.

Officer Gary Seibenthal of the Peoria police department, a qualified fingerprint expert, testified that he processed the victim's clock radio for fingerprints and found a latent print on the bottom of the radio. This print was compared with the victim's. Officer Walt Jatkowski, also qualified as a fingerprint expert, testified that he compared the print lifted from the victim's radio with the defendant's known fingerprints and concluded that the fingerprint found on the bottom of the radio matched the known fingerprint of the defendant's middle finger on his left hand.

Fingerprint evidence is circumstantial evidence that the defendant committed the crime alleged. (See *People v. Malmenato* (1958), 14 Ill. 2d 52, 150 N.E.2d 806, *cert. denied* (1958), 358 U.S. 899, 3 L. Ed. 2d 148, 79 S. Ct. 222.) Circumstantial evidence, in general, is sufficient to support a conviction if it is inconsistent with any reasonable hypothesis of innocence, but the trier of fact need not search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt. *People v. Hancock* (1978), 65 Ill. App. 3d 694, 382 N.E.2d 677; *People v. De Angelo* (1977), 50 Ill. App. 3d 848, 365 N.E.2d 1201.

■■ Because of its established reliability (*Stevenson v. United States* (D.C. Cir. 1967), 380 F.2d 590, *cert. denied* (1967), 389 U.S. 962, 19 L. Ed. 2d 375, 88 S. Ct. 347), a positive fingerprint comparison may be sufficient to support a conviction (see *People v. Rand* (1975), 29 Ill. App. 3d 873, 331 N.E.2d 15). As a result, where a fingerprint taken from an object at or near the scene of a crime is the only evidence identifying the defendant as the perpetrator, unless the prosecution has established that the fingerprint could have been made only at the time the crime was committed, the defendant can not have been proven guilty beyond a reasonable doubt. (*People v. Donahue* (1977), 50 Ill. App. 3d 392, 365 N.E.2d 710; Annot., 28 A.L.R.2d §28, at 1150 (1953).) This fact can be established by proof of the location of the print or proof of the chain of custody of the object from which the print was taken. (*People v. Donahue* (1977), 50 Ill. App. 3d 392, 365 N.E.2d 710; *People v. Reno* (1975), 32 Ill. App. 3d 754, 336 N.E.2d 36.) Certainly, the relative age of the print would also be a useful fact.

Application of the rule can be demonstrated by an analysis of two Federal cases. In *Borum v. United States* (D.C. Cir. 1967), 380 F.2d 595, the only evidence connecting the defendant to the crime was his fingerprints on two glass jars found at the scene of the crime. There was

no evidence presented from which the jury could determine where the jars were purchased, how long before the crime the complainant had them, or whether the complainant ever removed the jars from his home. As a result, Borum's conviction was reversed because to find that the defendant never had an opportunity to touch the jars outside of the victim's house required the jury to speculate. In *Stevenson v. United States* (D.C. Cir. 1967), 380 F.2d 590, *cert. denied* (1967), 389 U.S. 962, 19 L. Ed. 2d 375, 88 S. Ct. 347, on the other hand, the conviction was affirmed. There, the owner of the objects on which prints were discovered testified to the length of time of ownership (none less than three years), that these objects had never left the house, and that the defendant was never given permission to enter the house. In addition, there was testimony that the prints could last up to two years under ideal conditions.

Another case which demonstrates the type of evidence necessary to pinpoint the time of the crime as the only time in which the fingerprint could have been made is *People v. Reno* (1975), 32 Ill. App. 3d 754, 336 N.E.2d 36. By establishing a chain of custody, it was proven that the defendant could not, at any time other than the time of the crime, have placed his fingerprint on a package of cigarettes found in a purse of the daughter of the murder victim, which purse was removed from the house at the time of the murder.

In the case at bar, there was one isolated fingerprint found on the bottom of the victim's clock radio. It was also established that the victim owned the radio for 1½ years, the victim did not know the defendant, and the defendant was not authorized in the victim's residence. However, the State did not prove that, within the 1½ years of ownership, the clock radio was never removed from the victim's residence for any reason, *e.g.*, for repairs. Had removal occurred, the prosecution would need to establish that the radio was never in a position to have been touched, even inadvertently, by the defendant. Moreover, neither the relative age of the fingerprint nor the length of time the print might conceivably remain on this particular surface has been established.

■■ The defendant has no obligation to testify or to present witnesses to explain the presence of his fingerprint. Furthermore, if gaps appear in the prosecution's case, it is not incumbent upon the defendant to fill those gaps, even by cross-examination. Therefore, the State's argument the defendant did not avail himself of procedural opportunities to reasonably explain the presence of the fingerprint is not well taken. *Cooper v. United States* (D.C. Cir. 1954), 218 F.2d 39.

But, the State argues, the defendant was proven guilty beyond a reasonable doubt if the fingerprint evidence is considered with the description provided by Angela Mendoza. However, Angela did not

positively identify the defendant as the man carrying the television. Instead, she provided a very general description which, by itself, would probably not have supplied sufficient probable cause to arrest the defendant. See *People v. Gabbard* (1979), 78 Ill. 2d 88, 398 N.E.2d 574. We can not see how the defendant could have been proven guilty beyond a reasonable doubt when the only evidence presented was this vague general description and a positive fingerprint comparison which suffers from the failure of the State to isolate the time of the crime as the only time the print could have been made. Since the motion for a directed verdict should have been granted, the judgment of the Circuit Court of Peoria County is reversed.

Reversed.

BARRY and SCOTT, JJ., concur.