*In re* J. W., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* J. W., Respondent-Appellant.)

Third District   No. 80-500

Opinion filed August 14, 1981.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, and Steven D. Rittenmeyer, of Department of Law Enforcement Administration of Western Illinois University, of Macomb, for appellant.

James T. Teros, State's Attorney, of Rock Island (Larry Wechter and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The respondent minor was adjudged delinquent and was committed to the Department of Corrections, Juvenile Division facility at St. Charles. The petition alleged that on July 19, 1980, the minor, J. W., without authority, knowingly entered the residence of Kathryn Simmons in Rock Island with the intent to commit a theft therein, in contravention of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a)).

The respondent contends on appeal that he was not proved guilty beyond a reasonable doubt because the only evidence against him consisted of a palm print located on the window sill of the burglarized premises.

The State called five witnesses. Kathryn Simmons testified that she left her home at approximately 2:15 p.m. on July 19, 1980, and returned around 4 p.m., in response to a call from a neighbor. She then discovered an outside basement trap door broken and a screen ripped from a kitchen window. The kitchen window was open. The front door was found unlocked. She testified that, prior to her departure that afternoon, she had locked the doors and closed the windows. Several items were missing

from the home. None was introduced into evidence. She testified that her home had been burglarized by unknown persons on three previous occasions, a long time ago. In those previous burglaries, the burglars once broke into the garage, once entered through the front door of the home, and once entered through the kitchen door. She testified that the basement trap door found broken on July 19 did not provide access to the house. That trap door is located beneath the kitchen window. The kitchen window is the only one that can be reached without a ladder. She testified that "quite a few strange people walk through" a parking lot adjacent to her home. However, the house itself is surrounded by a fence. She never granted J. W. permission to enter her home. She does not know him and did not recall having seen him before.

Thomas P. Welch, the other occupant of the house, testified that he had not authorized anyone to enter the house on July 19, 1980. He was not acquainted with J. W.

Twelve-year-old Jesse Brown testified that, on July 19, 1980, he observed the Simmons house from the front porch of his own home across the street. He saw an individual walk into the Simmons house through the front door and exit approximately five minutes later, carrying a green-colored sack. He also saw a second person standing on the corner who was looking in both directions. When asked if either of these individuals was in court, Jesse Brown replied, "No."

Rock Island Police Officer Donald Reichert testified that he dusted the crime scene for latent fingerprints. He dusted the kitchen window from which the screen had been torn and dusted approximately 10 items inside the house, including the inside knob of the front door. He recovered six latent prints, including two palm prints found on the outside kitchen window sill. He described the kitchen window as the "point of entry." On cross-examination, he testified that prints such as those found could have been left as long as two to four weeks prior to their discovery. The longevity of the prints would depend upon weather conditions, of which he had no specific recollection.

Officer Jack Schowalter testified that he conducted comparison tests on the prints found by Officer Reichert. He testified that, of six latent prints received from the crime scene, five were usable. Of those five, only a single palm print taken from the outside kitchen window sill matched that of the respondent.

The court judged the respondent guilty, finding that the single palm print was sufficient to show beyond a reasonable doubt that he had entered the Simmons home, without authority, and with the intent of committing a theft therein. The court stated, *inter alia*,

"* * * my understanding of the evidence is that the palm print

appeared on that area of the window between the screen and where the window was ° ° °."

The respondent contends that the evidence did not support the specific finding that the palm print appeared between the screen and the window. The testimony of Officer Reichert was that the latent print was found on the outside kitchen window ledge or sill. The State does not specifically deny this contention, but nonetheless argues that the evidence was sufficient to prove the respondent's guilt beyond a reasonable doubt.

Our supreme court recently passed upon the issue of whether fingerprint evidence alone may be sufficient circumstantial evidence of guilt of the crime of burglary. The case of *People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605, was a consolidated judgment reviewing three cases from the appellate court. In the first of these cases, *People v. Rhodes*, the supreme court affirmed both the trial court and the appellate court. (See *People v. Rhodes* (1980), 81 Ill. App. 3d 339, 401 N.E.2d 237.) The defendant was convicted of burglary. The only evidence linking him to the crime was the presence of his fingerprint on a piece of glass that had apparently been broken out of the kitchen door of the burglarized residence. This door was located 11 to 12 feet inside a glass-enclosed porch, a window of which had also been broken.

The second of the consolidated cases was *People v. Van Zant*. In that case, the only evidence linking the defendant to the crime was the presence of his fingerprint on a radio that had been displayed, but not removed from the burglarized premises. No evidence was introduced indicating the age of the fingerprint or the owner's continuous possession of the radio. In other words, the possibility that the radio had been removed from the premises for a legitimate purpose, during which time the defendant might have impressed his fingerprint upon it, had not been precluded. The appellate court reversed the defendant's conviction, holding that the circumstantial evidence of guilt was insufficient to have properly survived a motion for directed verdict. (*People v. Van Zant* (1980), 84 Ill. App. 3d 355, 405 N.E.2d 881.) The supreme court reversed the judgment of the appellate court and reinstated the conviction.

In the third of the consolidated cases, *In re P. W.*, the trial court concluded that the State had proved, by a preponderance of the evidence, that the respondent had committed the crime of burglary. Accordingly, the court revoked respondent's juvenile probation and committed him to the Department of Corrections. Both the Appellate Court for the Fifth District (82 Ill. App. 3d 1199 (Rule 23 order)) and the supreme court affirmed. The only evidence linking the respondent to the burglary was the presence of his thumb print on a piece of glass that had been broken from a garage window, the point of entry into the burglarized premises.

The window was approximately 40 feet from the front sidewalk and the same distance from the back of the lot. Adjacent to the garage is a walkway running from the front to the back of the lot. The garage window which was broken was approximately four feet high, and it faces the walkway. One side of the window was glass; the other side was a screen. The complainant testified that, when she left home, the screen and window were intact, but upon her return the window was broken and the screen was torn. The walkway was accessible to the public. The respondent's thumbprint was lifted from a shard of glass lying on the ground outside, 16 to 18 inches from the garage. An investigating officer testified that he thought the thumbprint was impressed upon the outside right-hand corner of the window. It was the opinion of the officer that the thumbprint was "fresh," since it contained oil which the body emits. However, he was unable to say whether the print was impressed the day of the burglary.

In reference to fingerprint evidence, the supreme court stated:

"The issue raised in all three cases is whether the fingerprint evidence introduced in each case is sufficient to establish burglary. The evidence in each case is concededly circumstantial. 'Circumstantial evidence is the proof of certain facts and circumstances in a given case from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind.' [Citations.] Circumstantial evidence is generally sufficient to support a conviction if it is inconsistent with any reasonable hypothesis of innocence, but the trier of fact need not search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt. [Citation.] Fingerprint evidence is circumstantial evidence which attempts to connect the defendant to the offense alleged. [Citations.] In order to sustain a conviction solely on fingerprint evidence, fingerprints corresponding to the fingerprints of the defendant must have been found in the immediate vicinity of the crime under such circumstances as to establish beyond a reasonable doubt that the fingerprints were impressed at the time the crime was committed. [Citations.]" *People v. Rhodes* (1981), 85 Ill. 2d 241, 248-49.

The evidence in the instant cause indicates that a relatively fresh palm print, identified as that of the respondent, was found at the point of entry of the burglarized dwelling. The evidence is ambiguous as to whether the palm print was found outside the place where the screen would have attached to the window prior to being torn, or whether, as the trial judge indicated, the palm print was found between the window and the place where the screen had previously been attached. The window can be reached without a ladder. However, it is located over a basement

trap door. It is within a fenced yard and thus not readily accessible to the public. Under the law of this State, as recently announced by our supreme court in *People v. Rhodes*, the trial judge did not err in finding that the circumstantial evidence of respondent's involvement in this burglary was proof beyond a reasonble doubt of his guilt. Accordingly, we affirm the conviction.

Affirmed.

BARRY and STOUDER, JJ., concur.