## Miguel BRIONES, Appellant,

v.

## The STATE of Texas, Appellee.

No. 35192.

Court of Criminal Appeals of Texas.

Jan. 9, 1963.

Garcia & Warburton by O. B. Garcia, Brownsville, for appellant.

F. T. Graham, Dist. Atty., Brownsville, Juan E. Gavito, Asst. Dist. Atty., Brownsville, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order revoking probation in a burglary case.

On February 2, 1962, appellant entered a plea of guilty in the 138th Judicial District Court of Cameron County to an indictment for burglary and was sentenced to three years' confinement in the penitentiary.

Execution of sentence was ordered suspended by the court, and appellant was placed on probation upon certain terms and conditions, among them being that he "Commit no offense against the laws of this or any other state or the United States."

On May 23, 1962, a motion was filed by the assistant criminal district attorney of Cameron County to revoke the probation on the ground that appellant had, during the period of probation, committed the offense of burglary, it being alleged that on May 4, 1962, the appellant did unlawfully, by force, threats, and fraud break and enter a house occupied and controlled by Walter P. Hunter, with the intent to commit the crime of theft.

After a hearing on the motion, an order was entered by the court on September 7, 1962, revoking the probation.

At the hearing it was shown by the state's evidence that Walter P. Hunter was the owner and operator of a hardware store in the city of Brownsville. On May 4, 1962, Hunter closed the business around 6 o'clock, p. m., and went home. Later in the evening he returned to the store between 9:30 and 10:00 o'clock, after hearing a noise over a burglar alarm system connected between his store and his home, which had the sound of "hammering on steel." When he returned to the store, Hunter found a window broken on the side of the building opposite an alley and some pieces of glass on top of an oil drum by the window. The window was inaccessible to the general public and was a "welded" type window which could not be opened. Inside the building a hammer which did not belong to Hunter was found lying in front of a steel door which led into the main hardware store, and there was evidence that an effort had been made to pry the door loose.

It was further shown that certain fingerprints (State's Exhibits 1 and 2) were taken by Police Officer Joe Champion from both sides of the pieces of glass found on top of the oil drum and certain latent fingerprints (State's Exhibit 3) were also taken from the appellant by the officer. The prints were delivered to the fingerprint division of the Bureau of Identification of the Texas Department of Public Safety for comparison. Fingerprint expert Jack Mercer of the department, whose qualification as an expert was stipulated, testified that he made a comparison of the fingerprints which revealed that they were identical.

Appellant insists that the court abused his discretion in revoking the probation because the evidence is insufficient to show that he burglarized the building. It is first contended that the evidence is insufficient because Officer Champion was unable to identify State's Exhibit 3 as the latent fingerprints taken from appellant.

 While Officer Champion did testify on cross-examination that he had no independent recollection of having taken the prints from appellant other than by his signature on the card, the officer on his direct examination positively identified the exhibit as fingerprints which he took from appellant. Such discrepancy in the officer's testimony went to the weight of his testimony rather than its sufficiency to sustain a conviction. Parker v. State, 83 Tex.Cr.R. 81, 200 S.W. 1083.

It is next contended that the proof fails to show that the building was broken into and entered *with the intent* to steal, as alleged in the state's motion to revoke. The evidence warrants the conclusion that the building was broken into and entered at night. The act of breaking and entering a house in the nighttime raises the presumption that it is done with intent to steal. Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W. 2d 524.

We find the evidence sufficient to sustain the allegation in the state's motion that appellant burglarized the building in question during the period of his probation, and overrule appellant's contention that the court abused his judicial discretion in revoking probation. See: Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211, in support of such conclusion.

The judgment is affirmed.

Opinion approved by the court.