STATE OF NORTH CAROLINA v. JOHN KNOX DORSETT

No. 7326SC375

(Filed 23 May 1973)

Burglary and Unlawful Breakings § 5; Criminal Law § 60; Larceny § 7—
  sufficiency of fingerprint evidence

  The State's evidence was sufficient for the jury in a prosecution
  for the breaking and entering of a home and the larceny of property
  therefrom, including a television set, where it tended to show that
  immediately after the theft defendant's fingerprint was found on a
  television rotor which had been on top of the set which was stolen,
  and that defendant was unknown to the victim and had no permission
  or lawful reason to enter the victim's residence.

APPEAL by defendant from *Friday, Judge,* 11 December
1972 Session of Superior Court of MECKLENBURG County.

Defendant was tried upon a bill of indictment which
charged felonious breaking or entering and felonious larceny.

The State introduced evidence which tended to show the
following: The locked home of Edward Farris Edwards on
Island Point Road, Charlotte, North Carolina, was broken into
on 17 December 1971 and a number of items with an approximate value of $2,500.00 were removed. Among the items taken
was a table type television set. A roto-tenna which was used
with this television was on top of the set when Mrs. Edwards
left the home, but when she returned several hours later, the
television was gone and the roto-tenna was on the floor of the
living room where the television set had been located. Defendant
was not known to Mrs. Edwards and he had never been given
permission to enter the house. An officer secured a fingerprint
from the roto-tenna immediately after the theft. This fingerprint was compared with known fingerprints of defendant, and
an expert testified that they were identical.

---

State v. Dorsett

---

Defendant offered no evidence.

The jury returned a verdict of guilty as charged. Defendant appeals from a judgment of imprisonment entered upon the verdict.

*Attorney General Morgan by Assistant Attorney General Charles A. Lloyd for the State.*

*E. Clayton Selvey, Jr., for defendant appellant.*

BALEY, Judge.

The sole contention of defendant concerns whether there was sufficient evidence to connect him with the breaking or entering and larceny, thereby requiring submission of the case to the jury.

Evidence of fingerprint identification when such fingerprints were secured from the roto-tenna in the Edwards home immediately after the commission of the crime combined with the fact that defendant was unknown to Mrs. Edwards and had no permission or lawful reason to enter her private residence was amply sufficient to take this case to the jury. *State v. Helms,* 218 N.C. 592, 12 S.E. 2d 243; *State v. Phillips,* 15 N.C. App. 74, 189 S.E. 2d 602, *cert. denied,* 281 N.C. 762; *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198.

The circumstances under which defendant's fingerprints were found lead inescapably to the conclusion that they could have been impressed only at the time the crime was committed, and this is sufficient to support a conviction. *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472.

Defendant relies upon *State v. Smith,* 274 N.C. 159, 161 S.E. 2d 449, which is clearly distinguishable. In *Smith* there was no evidence that a crime was actually committed. In addition, there was ample opportunity for the fingerprint to have been impressed upon the wallet under circumstances not related to the loss of the money.

In this trial, we find

No error.

Judges BROCK and BRITT concur.