(No. 53331
(No. 53560
(No. 53585

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILBUR RHODES, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FAIRL VAN ZANT, Appellee.—*In re* P.W., a Minor, Appellant (The People of the State of Illinois, Appellee).

*Opinion filed June 4, 1981.*

John H. Reid, Deputy Defender, and Jeff M. Plesko and John F. Erbes, Assistant Defenders, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum, and William M. Wippold, Assistant Attorneys General, of Chicago, of counsel), for the People.

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Melbourne A. Noel, Jr., Thomas E. Holum, and William M. Wippold, Assistant Attorneys General, of Chicago, and John X. Breslin and Gerry R. Arnold, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of State Appellate Defender, of Ottawa, for appellee.

John H. Reid, Deputy Defender, and John F. Erbes, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum, and William M. Wippold, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE CLARK delivered the opinion of the court:

These three consolidated cases concern the weight to be given fingerprint evidence found at the scene of three separate burglaries. In cause No. 53331, People v. Rhodes, the defendant, Wilbur Rhodes, was convicted of burglary after a jury trial in the circuit court of St. Clair County.

The Appellate Court for the Fifth District, with one justice dissenting, affirmed the conviction (81 Ill. App. 3d 339), and we allowed the defendant leave to appeal. In cause No. 53560, People v. Van Zant, the defendant, Fairl Van Zant, was indicted for burglary, and was subsequently found fit to stand trial. After a jury trial in the circuit court of Peoria County, the defendant was convicted of burglary. The Appellate Court for the Third District unanimously reversed, holding that the defendant was not proved guilty beyond a reasonable doubt (84 Ill. App. 3d 355). We allowed the State leave to appeal. In cause No. 53585, In re P.W., the circuit court of St. Clair County revoked the probation of a minor after finding that the State had proved by a preponderance of the evidence that the minor had committed the offense of burglary. The Appellate Court for the Fifth District, with one justice dissenting, affirmed the circuit court (82 Ill. App. 3d 1199) in a Rule 23 order (73 Ill. 2d R. 23), and we allowed the defendant leave to appeal. We have consolidated the three cases for decision.

In People v. Wilbur Rhodes, the evidence shows that the house of Marshall Gurley of East St. Louis was broken into on February 23, 1977, between the hours of 8 a.m. and 4 p.m. Gurley testified that, when he left the house in the morning, the house was in a fairly neat condition and the doors and windows were closed and locked. The back door was boarded up, because of previous burglaries. When Gurley returned in the afternoon, he noticed the back door was open, and that a back-door window and a porch-door window had been broken. The porch was enclosed, and the porch door was approximately 11 to 12 feet away from the kitchen door. A dresser in the bedroom had been ransacked and some papers, previously contained in a file folder, were lying on the floor. Gurley did not know the defendant and did not give him or anyone else permission to enter the house that day. Gurley also testified that

there was broken glass on the floor of the kitchen and on the porch, as well as outside in the back yard.

Officer James Detloff, an officer with the East St. Louis police department qualified in fingerprint analysis, investigated the crime scene. He noticed glass fragments on the kitchen floor, the porch floor, and outside in the back yard. Officer Detloff was able to lift two fingerprints from one of the glass fragments which the officer said he found "six to eight inches" from the kitchen door, the point of entry. Officer Dethloff testified at trial that a comparison of the lifted prints with defendant's fingerprints on file with the FBI indicated that the prints obtained at the scene of the crime were those of defendant Wilbur Rhodes. The jury returned a verdict of guilty on the charge of burglary. The trial court sentenced the defendant to a term of three to nine years in prison.

In People v. Van Zant, the defendant, Fairl Van Zant, was indicted for burglary. The indictment charged that the defendant committed burglary by breaking into the dwelling of Ralph Graham in the city of Peoria. During a jury trial in the circuit court of Peoria County, the evidence adduced established that a bedroom window had been broken in order to enter the house. Graham testified that a television set, a small pocket calculator, and a camera were missing from his home. Also, Graham testified that a clock radio which had been on a chair in his bedroom in the morning was on the kitchen table upon his return in the afternoon.

Officer Gary Siebenthal, a fingerprint technician with the Peoria police department, testified at trial that he investigated the Graham house for evidence and was able to lift a latent fingerprint from the bottom of the clock radio found in the kitchen. Officer Siebenthal testified that he compared the print found on the clock radio with Graham's fingerprints. The print did not match any of Graham's fingerprints. Officer Walt Jatkowski, another

fingerprint technician with the Peoria police department, also testified that he compared the latent fingerprint lifted from the clock radio found in the Graham house with the defendant's fingerprint card. The officer stated that the impressions of the left middle finger on the fingerprint card matched the fingerprint impressed on the clock radio.

The jury subsequently returned a verdict of guilty, which apparently rested solely on the fingerprint evidence, since the offered identification testimony is inadequate to support the conviction. The court sentenced the defendant to a term of four years in the penitentiary. The appellate court reversed, and the State appeals.

The evidence adduced at P.W.'s probation-revocation hearing revealed that the home of Paul Foster of Cahokia was entered sometime between the time Foster left for work in the morning and 1:30 p.m. Mrs. Foster testified that the perpetrator gained entrance by breaking a garage window and kicking in a door leading from the garage to the house. Three dollars were missing from a ceramic egg which was on a dresser in a teenage daughter's bedroom. The broken garage window was on the side of the garage and toward the rear of the house. Mrs. Foster estimated the window to be approximately 40 feet from the front sidewalk and the same distance from the back of the lot. Adjacent to the garage is a walkway running from the front to the back of the lot. The garage window which was broken was approximately four feet high, and it faces the walkway. One side of the window was glass; the other side was a screen. Mrs. Foster testified that the screen and the window were intact when she left home in the morning. Upon her return the window was broken and the screen was torn. The walkway was accessible to the public. The record shows the minor lived with his family within a few blocks of the Fosters' house.

The State called as a witness Officer John Edens, a crime scene technician for the Cahokia police department

with considerable training in fingerprint classification and identification. He testified that, when he investigated the scene of the offense for evidence, he found broken glass both inside and outside the garage window. He was able to obtain a right thumb print which, in his opinion, corresponded to the minor's thumbprint on record with the Cahokia police department. The thumbprint was lifted from a shard of glass lying on the ground outside, 16 to 18 inches from the garage. Officer Edens testified he could not be certain, but he thought the thumbprint was impressed upon the outside right hand corner of the window. He conjectured that the piece of glass had been pulled from the window frame, since it still contained traces of caulking, but he stated that it was not possible to be certain of that. Officer Edens testified further that the print was "fresh," since it contained oil which the body emits. The officer was unable to say, however, whether the print was impressed the day of the burglary. The parties entered into a stipulation that the thumbprint taken from the shard of glass belonged to the minor, and that there was an unbroken chain of custody regarding the State's possession of the arrest card which contained the thumbprint. The court denied a motion by the minor for a directed judgment. The minor declined to present any evidence. The trial court then found that the State had proved the offense of burglary by a preponderance of the evidence and that the minor had thereby violated his probation. The court subsequently committed the minor to the Department of Corrections until he reached the age of 21 or until he is fit to return to society.

The issue raised in all three cases is whether the fingerprint evidence introduced in each case is sufficient to establish burglary. The evidence in each case is concededly circumstantial. "Circumstantial evidence is the proof of certain facts and circumstances in a given case from which the jury may infer other connected facts which usually

and reasonably follow according to the common experience of mankind." (*Devine v. Delano* (1916), 272 Ill. 166, 179-80; 29 Am. Jur. 2d *Evidence* sec. 264 (1967).) Circumstantial evidence is generally sufficient to support a conviction if it is inconsistent with any reasonable hypothesis of innocence, but the trier of fact need not search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt. (*People v. Hancock* (1978), 65 Ill. App. 3d 694, 698.) Fingerprint evidence is circumstantial evidence which attempts to connect the defendant to the offense alleged. (*People v. Malmenato* (1958), 14 Ill. 2d 52, 62; *People v. King* (1980), 88 Ill. App. 3d 548, 552.) In order to sustain a conviction solely on fingerprint evidence, fingerprints corresponding to the fingerprints of the defendant must have been found in the immediate vicinity of the crime under such circumstances as to establish beyond a reasonable doubt that the fingerprints were impressed at the time the crime was committed. *People v. Taylor* (1965), 32 Ill. 2d 165, 168; *People v. Malmenato* (1958), 14 Ill. 2d 52, 62; *People v. Reno* (1975), 32 Ill. App. 3d 754, 758.

With regard to cause No. 53585, *In re* P.W., the case of *State v. Hanna* (1969), Or. App. 110, 459 P.2d 564, is instructive. United States currency was taken from a dwelling after entry was gained through a broken bedroom window. One piece of glass from the window was found leaning against a bush, as if it had been placed there. A fresh fingerprint, later identified as one of the defendant's, was found on the piece of glass. The Oregon Court of Appeals decided that sufficient circumstantial evidence existed to establish the elements of burglary, including entry of a dwelling. The defendant's conviction was affirmed.

In *In re* P.W., the minor's fresh thumbprint was found on a glass fragment with caulking on it. It is readily inferable that the print was impressed while the glass was

being lifted out of the window, so the burglar could enter without being cut. In such a circumstance the right thumb would be used to lift the glass out of the window. It is not reasonable to hypothesize that the minor would casually walk past the window and impress a thumbprint on the right corner of the window. Therefore, "the unexplained presence of the [minor's print] is not consistent with any reasonable hypothesis of innocence." (*People v. Taylor* (1965), 32 Ill. 2d 165, 168. Accord, *People v. King* (1980), 88 Ill. App. 3d 548; *Lawless v. State* (1968), 3 Md. App. 652, 241 A.2d 155; *Ingram v. Commonwealth* (1936), 265 Ky. 323, 96 S.W.2d 1017.) In a revocation-of-probation proceeding, the burden of proof on the State is to establish a violation of probation by a preponderance of the evidence. (Ill. Rev. Stat. 1977, ch. 37, pars. 704—6, 705—3(5); *In re Thompson* (1980), 79 Ill. 2d 262, 267.) The circumstances of this case, especially the fact that the minor's thumbprint was fresh, indicating that it was more probably left at the time the offense was committed rather than at some other time, satisfies this burden. We therefore affirm the judgment of the appellate court.

Likewise, in cause No. 53331, People v. Rhodes, the evidence adduced at trial excludes any reasonable hypothesis of innocence. When Gurley left for work in the morning, no windows in his house were broken. Upon his return, the window of the kitchen door, the point of illegal entry, was broken and defendant's fingerprint was found on a glass fragment. The kitchen door was not accessible to the public, and no other prints were found on the glass. Gurley testified he did not know the defendant, the defendant had never been at the house, and Gurley did not give any person permission to enter the house in his absence. The evidence, in its entirety, clearly points to the fact that the fingerprint was left at the time of the commission of a burglary. (*Commonwealth v. Cichy*

(1974), 227 Pa. Super. 480, 323 A.2d 817. Accord, *Avent v. Commonwealth* (1968), 209 Va. 474, 164 S.E.2d 655; *Briones v. State* (Tex. Crim. App. 1963), 363 S.W.2d 466.) The defendant's conviction is therefore affirmed.

Finally, in cause No. 53560, People v. Van Zant, the evidence reveals that the defendant's fingerprint left on the clock radio could only have been impressed at the time of the commission of the offense. In *State v. Dorsett* (1973), 18 N.C. App. 318, 196 S.E.2d 591, a factually similar case, the court made a statement that is equally applicable to this case: "The circumstances under which defendant's fingerprints were found lead inescapably to the conclusion that they could have been impressed only at the time the crime was committed, and this is sufficient to support a conviction." (18 N.C. App. 318, 319, 196 S.E.2d 591, 592. Accord, *Commonwealth v. Wilson* (1978), 258 Pa. Super. 231, 392 A.2d 769; *Stevenson v. United States* (D.C. Cir. 1967), 380 F.2d 590.) The judgment of the appellate court reversing defendant's conviction is therefore reversed. The judgment of the circuit court is affirmed.

> *53331 — Judgment affirmed.*
> *53560 — Appellate court reversed;*
> *circuit court affirmed.*
> *53585 — Judgment affirmed.*

MR. JUSTICE SIMON, concurring in part and dissenting in part:

I concur in the disposition of the appeals in cause Nos. 53331 (Rhodes) and 53585 (P.W.). I disagree, however, with the reversal of the appellate court in cause No. 53560 (Van Zant). I respectfully dissent from the court's disposition in that case because the State's evidence against Van Zant did not prove enough.

Aside from an inconclusive eyewitness identification

from an 8-year-old, the only evidence against Van Zant was the presence of his fingerprint on a clock radio that had been taken from the victim's bedroom to his kitchen at the time of the burglary. I agree, as the majority opinion states, that to sustain a conviction on such evidence, the defendant's fingerprint must have been found under such circumstances as to establish beyond a reasonable doubt that it was impressed when the crime was committed. The evidence here does not satisfy that requirement. It certainly does not prove, as the majority says, that it "could only have been impressed at the time of the offense."

The State's evidence did not establish when Van Zant touched the clock radio. It did not show how long the clock radio had been in the victim's dwelling before the burglary or how the victim came into possession of it. The State did not show whether the clock radio was new or used when the victim got it, how long it had been since the clock radio was last outside the dwelling, or who might have touched it when removed from the dwelling. True, the victim stated that Van Zant was not allowed in his dwelling and so foreclosed the possibility that the fingerprint was put on the clock radio while it was in Graham's dwelling. But unless the age of the fingerprint could be pinned down, the State should have gone into the history of the object on which the fingerprint was found to eliminate the possibility that it got there innocently. As the well-reasoned opinion of the appellate court suggested, the fingerprint might have been put on the clock radio when it was removed from the victim's dwelling, for repairs or some other reason, or for that matter even before the present owner received the clock radio.

Where circumstantial evidence is all the proof against a defendant, the State must exclude every reasonable hypothesis of innocence consistent with the facts. (*People v. Lewellen* (1969), 43 Ill. 2d 74, 78.) The State failed

to prove the fingerprint got on the clock radio at the time of the burglary and not at some time before. I regard strict adherence to this requirement as especially important in the case of a fingerprint on an easily moved object like a clock radio. I believe the conviction of Van Zant should stand reversed.