(No. 56519.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MARK L. WATTS, Appellant.

*Opinion filed October 21, 1983.*

Robert Agostinelli, of Ottawa, and G. Joseph Weller, of Elgin, Deputy Defenders, of the Office of the State Appellate Defender, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Rita Kennedy Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

On January 16, 1981, an information was filed in the circuit court of Whiteside County charging the defendant, Mark L. Watts, with two counts of burglary. The defendant was accused of having burglarized the Sullivan Eye Clinic in Sterling on two separate occasions, once on July 11, 1980, and again on August 31, 1980. Watts was found guilty of the July 11 burglary, count I, and not guilty of the August burglary, count II. The defendant had a history of prior criminal activity and was therefore sentenced to seven years of imprisonment under the extended-term provisions of section 5—8—2(a)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)(4)).

On appeal, the appellate court, in a Rule 23 order (87 Ill. 2d R. 23), affirmed the conviction and sentencing order entered in the circuit court and remanded for correction of

the mittimus to indicate that the defendant was convicted of only one and not two counts of burglary (104 Ill. App. 3d 1212). A petition for rehearing was filed in the appellate court, and the original appellate court order was modified to address the defendant's arguments on the grounds of waiver. However, the appellate court denied the relief requested. We granted the defendant leave to appeal.

The evidence consisted of the defendant's fingerprints found on the bottom of a desk drawer at the scene of the crime and the defendant's possession of stereo equipment similar to that taken during the July 11 burglary. However, the victim was unable to positively identify the stereo equipment as his own.

The question before us is whether the failure of the trial court to give the instruction conforming to Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.02 (2d ed. 1981), constituted reversible error. We affirm the appellate court in finding that it did not.

As a starting point, it is clear that the evidence in this case was entirely circumstantial. While the State argues that direct evidence of defendant's guilt was introduced, there is no support for such an assertion in the record. The State asserts that stereo equipment found by the police at the defendant's home was identified at trial as equipment taken from the Sullivan Eye Clinic. In fact, the equipment was not positively identified, and it is therefore circumstantial and not direct evidence.

The defendant tendered the following instruction, which substantially conformed to IPI Criminal No. 3.02:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.
>
> You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable

theory of innocence."

The prosecutor tendered an instruction which conformed with the first paragraph of IPI Criminal No. 3.02 but differed with the second paragraph in stating:

> "You should not find the defendant guilty on the basis of entirely circumstantial evidence which may or may not connect the defendant to the commission of each crime charged, unless the facts and evidence exclude every reasonable doubt of innocence as to each crime charged."

The court tendered the modified instruction after recalling the disapproval of the second paragraph of IPI Criminal No. 3.02 voiced by the appellate court in *People v. Godsey* (1978), 57 Ill. App. 3d 364, *rev'd on other grounds* (1978), 74 Ill. 2d 64.

The appellate court determined in the instant case that the IPI version of the instruction is misleading and at odds with what this State's courts had previously said. We disagree. In *People v. Evans* (1981), 87 Ill. 2d 77, 83, this court, as part of its review, examined a trial court's failure to include the second paragraph of IPI Criminal No. 3.02, and the court said that "[t]his paragraph should be given when the proof of guilt, as to each element of the offense, is circumstantial." Because the conviction in the *Evans* case was based solely upon circumstantial evidence, the court concluded that paragraph two of IPI Criminal No. 3.02 "should have been given to the jury." 87 Ill. 2d 77, 83.

We do not, however, agree with the defendant's assertion that the tendering of the modified version of the IPI requires a reversal because it misstates the law. The defendant contends that such an instruction requires the jury to determine whether or not the evidence was entirely circumstantial before applying the appropriate standard of proof. The second paragraph of the given instruction clearly indicated that the jury was considering entirely circumstantial evidence. The instruction tendered also properly cautioned the jury that in its deliberation such circumstantial evidence does not provide a sufficient basis for a

guilty verdict unless every reasonable theory of the defendant's innocence is excluded.

We are in agreement with the defendant that the instruction should have employed the expression "reasonable *theory* of innocence" as opposed to "reasonable *doubt* of innocence."

The word "theory" is defined as "a speculative idea or plan as to how something might be done." (Webster's New World Dictionary of the American Language 1475 (1974).) The word "doubt" means "a wavering of opinion or belief, lack of conviction, uncertainty." (Webster's New World Dictionary of the American Language 721 (1974).) While we recognize a difference between the two terms and find the word "theory" in the context of the instruction to be preferable as a clearer, less likely to be misunderstood term, we feel that the differences in semantics between the two words did not prejudice the defendant.

In view of the circumstantial evidence of the defendant's fingerprints found on the bottom of a desk drawer at the scene of the crime, we find that any error in using the term "doubt" was harmless. *People v. Jones* (1979), 81 Ill. 2d 1, 9; *People v. Truelock* (1966), 35 Ill. 2d 189, 192; see *People v. Rhodes* (1981), 85 Ill. 2d 241, 249.

In conclusion, because we have found any error in the instruction given to be harmless, we affirm the judgment of the appellate court, which affirmed the conviction and sentencing order entered in the circuit court of Whiteside County and remanded for correction of the mittimus.

*Judgment affirmed.*