THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERWIN G. KING, Defendant-Appellant.

Third District   No. 3—85—0040

Opinion filed July 30, 1985.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant appeals his conviction for residential burglary and burglary. We reverse in part and affirm in part.

Defendant was charged with entering the house and garage of John Compagno of Rock Island. Compagno's garage was not attached to the house. On July 18, 1984, Compagno had his car washed at a full service car wash. The car was hand dried with towels. Compagno, an insurance agent, then drove the car for the remainder of that day and half of the next day. That next day, July 19, Compagno and his family left for Chicago. He left the business car at home in the garage. While he was certain that he had locked the car, he was unsure whether he had closed the garage door.

That night, a neighbor checked the house. Everything was secure. The next morning, July 20, the front door was wide open, and the house was in disarray. Among other things, a television and a microwave oven were missing.

The police examined the scene. They found five sets of fingerprints. Four were from the house. They were smeared. The other was from the garage. It was very wet and smeared as the police technician lifted it. A palm print on the front of the car was successfully lifted. The technician testified that the prints on the car, because they were wet, were fresh.

A police identification technician testified that the palm print on the car was made by defendant. This technician was unable to identify the prints in the house. She did say, however, that those prints were not made by defendant.

Defendant was interviewed by the police. He stated that he never

went in Compagno's house or garage. He also denied touching any car in the neighborhood, including Compagno's car specifically. He did admit to being in the neighborhood to visit some friends. He stated that after celebrating his birthday on the 17th or 18th, he stayed home for the next three days. Defendant also never worked at the car wash where Compagno had his car washed.

On this evidence, defendant was convicted of burglary and residential burglary. He was also found to have violated his probation. He was sentenced to three years on the burglary, five years on the residential burglary, and two years on the violation of probation, all to run concurrently. Defendant brings this appeal, citing two factors as error.

The first point of error defendant raised is that he was not proved guilty beyond a reasonable doubt. We shall examine each charge separately. Suffice to say, the evidence presented was far from overwhelming.

The crux of the burglary case, his entering the garage, was the palm print on the car. Fingerprint evidence is circumstantial evidence which attempts to connect the defendant to an alleged offense. (*People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605.) Where the only evidence supporting a conviction is circumstantial, the guilt of the accused must be so thoroughly established as to exclude every reasonable hypothesis of innocence. (*People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605; *People v. Bentley* (1980), 87 Ill. App. 3d 1033, 409 N.E.2d 530.) Fingerprints must have been found in the immediate vicinity of the crime under such circumstances as to establish that the fingerprints could only have been impressed at the time the offense was committed. (*People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605; *People v. Ware* (1980), 82 Ill. App. 3d 297, 402 N.E.2d 762.) Finally, the presence of fresh prints is an indication that the prints were placed there at the time the crime was committed. *People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605; *People v. Jackson* (1985), 131 Ill. App. 3d 128, 474 N.E.2d 466.

The palm print on Compagno's car was fresh. It was identified as defendant's. The evidence also showed that the car's washing the day before would have cleaned away any old prints. Defendant specifically denied touching Compagno's car in the statement he made.

■■ We find no reasonable hypothesis of innocence as to the burglary. At least part of defendant's statement is not to be believed. He stated that he never touched Compagno's car. However, the identification technician opined that the palm print was defendant's. Compagno's travels during the time after he had his car washed were

such that defendant would never have come in contact with the car. The jury decided that the only way defendant would have come in contact with the car is in Compagno's garage.

Defendant further offers his interpretation of *People v. Rhodes*, which both parties, as well as this court, have used extensively. Defendant would have us hold that *Rhodes* states that a conviction is to be reversed if the fingerprint was impressed on an object that was at all accessible to the public, and if there was a reasonable hypothesis of a casual encounter that would cause the prints. We do not read *Rhodes* so broadly. The *Rhodes* opinion consisted of three consolidated cases. One of which, *In re P.W.* concerned a thumbprint on the corner of a window. The court upheld the finding of a violation of P.W.'s probation as it was proven by a preponderance of the evidence. We do not read this to say that the court would not have allowed a conviction beyond a reasonable doubt on such evidence. For this reason, we decline to interpret the holding of *Rhodes* as defendant suggests.

The residential burglary charge rests on two clearcut facts: First, the house was burgled; second, defendant's palm print was found on the car in the garage. There were some smeared fingerprints in the house. However, they could not be connected to defendant. In fact, the police identification technician who connected defendant to the palm print, stated that the fingerprints were not made by defendant. Again, the evidence was entirely circumstantial. As stated earlier, this must so thoroughly establish guilt as to exclude every reasonable hypothesis of innocence. *People v. Rhodes* (1981), 85 Ill. 2d 241, 422 N.E.2d 605; *People v. Bentley* (1980), 87 Ill. App. 3d 1033, 409 N.E.2d 530.

■ The evidence connecting defendant to the residential burglary is flimsy at best. Even taking into account the conviction for burglary, there is no evidence to link defendant to the entry of the house. The fingerprints found in the house were not his. It is not reasonable to think that while defendant was in the house he would not make any fingerprints, but while in the garage he would leave a palm print on the car. Finally, there was a great deal of time in which the house burglary could have occurred. The neighbor checked the house around 7 or 8 p.m. The burglary was discovered at 9 a.m. the next day, some 13 to 14 hours later. It is not unreasonable to think that the burglary of the garage, where the door might have been open, and the burglary of the house occurred separately and independently. There just is no evidence to place defendant in the house. While there was evidence to place him in the garage, the garage was not attached to the house. Nothing in the record before us, including our affirmance of

the burglary of the garage, supports a conviction for residential burglary. We find the jury's decision on this charge to be palpably erroneous and contrary to the manifest weight of the evidence (*People v. Nicholls* (1969), 42 Ill. 2d 91, 245 N.E. 771, *cert. denied* (1970), 396 U.S. 1016, 24 L. Ed. 2d 507, 90 S. Ct. 578), and therefore we reverse this conviction.

■ Defendant's other contention is that the prosecutor committed reversible error in closing argument. The prosecutor, in rebuttal, stated that Officer Melton "had probable cause in the form of a judicially issued warrant for the arrest of the defendant in this case. Now, does that show any type of weak case?" This was objected to, but the objection was overruled. Defendant claims that because of the minimal evidence in this case, this comment prejudicially bolstered the State's case. The State claims that this comment was invited by defense counsel. We agree.

Our examination of defense counsel's argument reveals that the comment by the prosecutor was, as the trial court properly noted, invited. After commenting that there was no probable cause to obtain a search warrant for defendant's home, defense counsel stated, "*** what is the probable cause that brings us here in the first place?" This clearly invited the above comment by the prosecutor. The defendant cannot claim prejudice if a prosecutor's comments are invited by defense counsel. (*People v. Matthews* (1979), 69 Ill. App. 3d 65, 387 N.E.2d 10.) In response to defense counsel's objection to the prosecutor's comments, the trial judge stated that the argument regarding probable cause was tangential. We agree. Therefore the comments do not require reversal.

Because of our decision on defendant's guilt on the residential burglary charge, we need not reach the question of whether that statute is constitutional.

For the foregoing reasons, the residential burglary conviction is hereby reversed. Defendant's burglary conviction is affirmed. We need not remand for resentencing, as the defendant received the minimum sentence available for burglary, which we deem proper under the circumstances.

Affirmed in part; reversed in part.

HEIPLE, P.J., and SCOTT, J., concur.