THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFF MADDEN, Defendant-Appellant.

Second District   No. 2—85—0417

Opinion filed March 17, 1986.

Paul E. Gaziano, of Liebovich & Gaziano, of Rockford, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Kenneth R. Boyle, William L. Browers, and Martin P. Moltz, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Jeff Madden, appeals from the judgment of the circuit court of Winnebago County which, after a bench trial, convicted him of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3(a)) and sentenced him to four years' imprisonment. Defendant contends on appeal that the State's circumstantial evidence failed to establish that he knowingly and without authority entered the residence of another to commit a theft.

The testimony at trial indicated that on November 11, 1984, at approximately 12:30 a.m., Richard Keckler, who was the victim's brother-in-law, was on his way home after purchasing a newspaper when he saw someone run from the front of Kelley Christiansen's house and across the street, while carrying an open 12-pack carton of Michelob beer. The person, whom Keckler had known for six months and identified as defendant Madden, was about eight feet from the door of the house at the time he was seen. Keckler, who lived two doors away from Christiansen, noticed that the front door of Christiansen's house was open. Upon approaching the house, he noted the open entrance door with a missing pane of glass. He then entered Christiansen's apartment through the open apartment door, the middle panel of which had been broken also. Keckler then went to get Christiansen at a party he was attending.

Kelley Christiansen testified that on the night in question he left his house to attend a party. At that time he stated that the door of his apartment, as well as the outer door to the building, were locked

and that all the panes of glass were intact. Defendant Madden was also at the party and Christiansen stated that defendant left 15 minutes after Christiansen's arrival but returned 45 minutes later. About 20 minutes after Madden's return, he left again. Upon returning home, after being summoned by Keckler, Christiansen saw that the pane of the outer door to his building was missing and that the outer door and the door to his apartment were both open. When he entered his apartment he noted that a stereo receiver, currency, a portable television set and a 12-pack carton of Michelob beer were missing. Christiansen testified that he had given no one permission to enter the apartment or remove any of the property therein.

Defendant Madden related his version of the incident. He testified that he had known Christiansen for about a year and had stayed at his apartment for a time during the late afternoon hours of November 10, 1984. He then returned home and later left to go to a party where he also noticed Christiansen in attendance. Defendant claimed that he left the party alone, without telling anyone where he was going, went home to eat and then returned to the party, observing that Christiansen was still there. Defendant denied both entering Christiansen's apartment and taking anything from it.

Richard Peterson, a rebuttal witness, testified that he was also at the party in question and saw defendant leave the party with someone else, stating that he was going to get a "bottle of booze." He later returned with the bottle.

Defendant Madden argues that the evidence presented by the State did not exclude every reasonable theory of innocence as required in a case in which the only evidence linking defendant to the crime is circumstantial. (*People v. Rhodes* (1981), 85 Ill. 2d 241; *People v. King* (1985), 135 Ill. App. 3d 152.) Although the circumstantial evidence against defendant in the present case was not overwhelming, it is nevertheless true that an eyewitness, who knew Madden, saw him running a short distance from the site of the burglary carrying an item which was reported stolen, namely, the 12-pack carton of Michelob beer. Additionally, the record indicates that according to the testimony of Richard Peterson, defendant did not leave the party alone, as he testified, but left with another person who was known to own a car. Furthermore, defendant was not at the party during a 45-minute period in which the victim, Christiansen, was present and which coincides with the suspected time of the burglary.

In *People v. Lewis* (1968), 97 Ill. App. 2d 255, cited by defendant in support of his argument, in contrast to the present case, none of the materials taken in that burglary were found with the

defendant, and he was not apprehended in the immediate vicinity of the burglary. Neither was he seen fleeing from the scene of the crime. Similarly in *People v. Robinson* (1961), 23 Ill. 2d 27, there was no actual evidence of breaking and entering or of defendant being near the scene of the burglary. Defendant also relies on *In re Whittenburg* (1976), 37 Ill. App. 3d 793, where the evidence, which established only defendant's presence and flight from the scene, was held insufficient to establish accountability. We note, however, that the *Whittenburg* court specifically stated that the defendant was not seen carrying any of the victim's property such as in the present case, where defendant was seen carrying the 12-pack carton of beer which the eyewitness recognized as Michelob, in close proximity to the burglarized house from which a 12-pack carton of Michelob beer had been taken.

Although it is true that defendant was not seen carrying any of the other reported stolen items, contrary to defendant's statement at trial that he left alone, there was testimony that another person who owned a car left the party with defendant. A conviction may be sustained on circumstantial as well as direct evidence, and the only requirement is that the proof be of a conclusive nature and tend to lead, on the whole, to the reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Sanders* (1984), 129 Ill. App. 3d 552.) We conclude that the circumstances relied upon by the trial court in the present case were sufficient to establish defendant's guilt beyond a reasonable doubt.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.