THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY FORD, Defendant-Appellant.

Fifth District No. 5—92—0187

Opinion filed December 28, 1992.

Paul M. Storment III, of Storment Law Offices, of Belleville, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Anthony Ford, was found guilty by a jury of residential burglary on February 13, 1992, and he was sentenced to a term of eight years' imprisonment. On appeal he asserts that he was not proven guilty beyond a reasonable doubt and that an improper hearsay identification of the defendant as the perpetrator of the crime warrants reversal of his conviction. We affirm.

The following evidence was presented at trial. On February 14, 1989, the complainant, Marie Yoch, left her home at approximately 4:30 p.m. to have dinner with a friend. When she returned between 7:30 and 8 p.m., she found that someone had kicked in the front door to her home and that it had been ransacked. When the police officers responded, they found a stereo record player set-up, TV, microwave oven, watch, and two pairs of gloves had been removed from the home. An antique silver jewelry box had been moved from the complainant's dresser, where it had been prior to the complainant's departure for dinner, and placed at the top of the stairwell. The crime scene unit investigator took photographs of the crime scene and developed latent fingerprints on various surfaces in the dwelling. One latent print on the corner of the lid of the silver jewelry box was suitable for comparison.

On January 16, 1990, defendant was charged with the burglary of the Yoch residence. Due to the lapse of time between the burglary and defendant's arrest on September 20, 1991, no comparison was made between defendant's footwear and photographs of footprints from the scene of the crime. Defendant's fingerprints were taken, however, and a positive match was made between defendant's left in-

dex finger and the latent print lifted from the corner of the lid of the jewelry box in the Yoch residence.

Gerold Warner, a forensic scientist employed by the Illinois State Police, testified that in his expert opinion the latent print developed from the jewelry box matched the left index finger of the defendant. He compared the print taken from the scene of the crime with the exemplar of the defendant with a magnifier of between four and five power. He testified that based on his experience and training the fingerprint lifted from the silver jewelry box was the defendant's and could belong to no other person. The witness testified that no set number of any characteristics was required for him to come to the conclusion that a lifted print was made by the person who made the inked standard. He also testified that it was not his practice to make notations of the number of ridged characteristics he found to correlate between a latent print and an exemplar. He testified that the crime lab seldom used "blowup prints" for demonstrative purposes and that blowup prints of fingerprint evidence were never used to make an analysis or a comparison.

Sergeant Willie Smith, a patrolman with the St. Clair County sheriff's department, also testified for the State. When asked about his involvement in the investigation, he stated: "I received information that an Anthony Ford may have committed the burglary —." Defense counsel objected immediately. The State informed the court in chambers that while it was willing to divulge the name of the confidential source who had supplied the defendant's name, it was unable to produce him for trial because he had fled. The State asserted that Officer Smith's testimony was for the sole purpose of explaining why the focus of the investigation turned to the defendant. Ultimately, the court denied the defendant's motion for mistrial, sustained the defendant's objection to Smith's testimony, and ordered the jury to disregard Smith's answer.

Defendant presented testimony from his estranged wife, Sharon Ford, who testified that on February 14, 1989, the defendant arrived at her home between 6 and 6:30 p.m. She recalled the date well because it was Valentine's Day, and defendant brought her a box of chocolates and a single wilted rose. She and the defendant laughed about it because she found it amusing that her husband would bring her a "dead flower" for Valentine's Day. She testified that the defendant left a little before midnight.

The jury returned a verdict of guilty of residential burglary on February 13, 1992, and defendant was sentenced to eight years' imprisonment.

Defendant raises two issues on appeal. He first asserts that his conviction was against the manifest weight of the evidence because the only evidence which connected him with the crime was a single fingerprint. He maintains that the testimony of Gerold Warner, the forensic scientist employed by the Illinois State Police, was insufficient to establish that the print at the scene of the crime was that of the defendant. Defendant attacks the fingerprint expert's testimony because: (1) Warner did not state the number of similar characteristics between the latent print and the standard, (2) he could not make a comparison of the latent print and the standard while on the witness stand without a magnifying glass, and (3) he did not have the print blown up to serve as a demonstrative exhibit. Additionally, he cites Warner's concession that two fingerprint experts could disagree on a particular comparison.

■ On review, the evidence adduced at trial is to be viewed in the light most favorable to the prosecution, and the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) The *Collins* standard is applicable to all criminal cases, whether the evidence presented is direct or circumstantial. (*People v. Pintos* (1989), 133 Ill. 2d 286, 291, 549 N.E.2d 344, 348.) As the Illinois Supreme Court noted in *People v. Campbell* (1992), 146 Ill. 2d 363, 375, 586 N.E.2d 1261, 1266, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789, "the [*Collins*] standard gives 'full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' "

■ Fingerprint evidence is circumstantial evidence which may serve as the basis for a conviction, and when a conviction is obtained based solely on circumstantial fingerprint evidence, fingerprints must satisfy both physical and temporal proximity criteria. (*People v. Gomez* (1991), 215 Ill. App. 3d 208, 216, 574 N.E.2d 822, 827.) Physical and temporal proximity criteria are satisfied by proving that the fingerprints were found in the immediate proximity of the crime under circumstances which indicate that they could have been made only at the time of the occurrence. *Gomez*, 215 Ill. App. 3d at 216, 574 N.E.2d at 827, citing *People v. Rhodes* (1981), 85 Ill. 2d 241, 249, 422 N.E.2d 605, 609.

■ The fingerprint on the silver jewelry box at the Yoch residence was undeniably in the immediate vicinity of the crime, which satisfies the physical proximity criterion. The complainant testified

that the box had been in her family for many years, that she had never taken it out of her home, and that she had never given anyone permission to remove her jewelry box from its place on the dresser. She also stated that she did not know the defendant and had never given him permission to be in her home or to touch the jewelry box. Defendant's fingerprint on the jewelry box and proof that the jewelry box had never been out of the complainant's home satisfy the time/proximity requirement of *Rhodes*. (See *People v. Donahue* (1977), 50 Ill. App. 3d 392, 394, 365 N.E.2d 710, 712.) A logical inference from the evidence is that defendant's fingerprint was made on the corner of the jewelry box at the time he committed the burglary. See *People v. Malmenato* (1958), 14 Ill. 2d 52, 62, 150 N.E.2d 806, 810-11 (flashlights were used in attempted burglary, and defendant's fingerprint was found on flashlight discovered in path of felon's flight, about 150 feet west of burglary site); *People v. Taylor* (1965), 32 Ill. 2d 165, 168, 204 N.E.2d 734, 736 (defendant's fingerprints found on interior side of window at site of rape and burglary without explanation); *People v. Reno* (1975), 32 Ill. App. 3d 754, 758, 336 N.E.2d 36, 39 (defendant's thumbprint found on cigarette pack in purse stolen from murder site, and presence of defendant's prints unexplained); *People v. Watts* (1983), 98 Ill. 2d 70, 74, 456 N.E.2d 56, 58-59 (defendant's fingerprints found on bottom of desk drawer at the scene of the crime); *People v. King* (1985), 135 Ill. App. 3d 152, 154-55, 481 N.E.2d 1074, 1076 (the defendant's palm print found on car which had been cleaned day before and driven in places which would exclude defendant's contact with the auto except during burglary); *People v. Talley* (1987), 152 Ill. App. 3d 971, 976-77, 504 N.E.2d 1318, 1321 (defendant's fingerprints lifted from box lids thrown on complainant's bed during burglary of house sufficient to convict despite defendant's denials); *People v. Woods* (1992), 225 Ill. App. 3d 988, 994-95, 588 N.E.2d 1224, 1228 (defendant's fingerprint found on piece of broken glass immediately outside window through which access to burglarized dwelling was gained sufficient to convict despite the fact defendant lived in neighborhood and had been seen near burglarized dwelling several days prior to burglary).

■ Defendant's attack upon the expert testimony of the fingerprint specialist must also fail. As the supreme court noted in *People v. Campbell* (1992), 146 Ill. 2d 363, 384, 586 N.E.2d 1261, 1270, no Illinois case expressly states a requisite number of points of similarity between a latent print and an exemplar to be sufficient: "fingerprint evidence of identity has been held admissible in some cases [in which] the expert found five points of similarity, and in another in which the

expert found only four. The courts, in those cases, took the position that the paucity of points of similarity went to the weight accorded to the evidence." Here, the expert testified that based on his experience and expertise the latent print lifted from the silver jewelry box was that of the defendant. His opinion was based on his comparison of the latent print and the exemplar of defendant's fingerprints. Although the expert stated that some other fingerprint expert might have a differing opinion, defendant did not introduce any testimony which would contradict the identification of the defendant as the person who left the latent print on the jewelry box. Any doubts raised by the defendant in regard to the expert's testimony concerning the comparison were ones which the jury apparently decided against him. This court will not substitute its judgment for that of the fact finder on questions regarding the weight of the evidence or credibility of witnesses. *People v. Young* (1989), 128 Ill. 2d 1, 51, 538 N.E.2d 461, 474.

■ Defendant's second contention is that the court erred when it denied his motion for mistrial based on the comment made by Officer Smith that he "received information that an Anthony Ford may have committed the burglary." The State argues that Sergeant Smith's testimony did not constitute hearsay identification because the officer's statement was directed toward explaining why the defendant was asked to provide fingerprint exemplars. The State maintains that it was a proper statement concerning the conduct of the investigation, not an improper hearsay identification of the defendant as the perpetrator of the crime.

*People v. Mitchell* (1990), 200 Ill. App. 3d 969, 975, 558 N.E.2d 559, 563, held that testimony regarding investigatory procedures is not improper hearsay where that testimony is directed toward demonstrating why the police officer acted as he did. In *Mitchell*, a police officer testified that upon arriving at the crime scene, he met the brother of the victim and was told that a short black man he knew only as Curtis had raped, robbed, and cut his sister, and the brother pointed out the apartment in which he believed the defendant lived. The *Mitchell* court stated that if the description provided by the victim's brother and the provision of the name "Curtis" did not fall within the ambit of the hearsay exemption, it was nevertheless not reversible error because it did not serve as a substitute for courtroom identification and was not used to strengthen and corroborate a weak identification. In *Mitchell*, the trial court overruled the defense counsel's hearsay objection. Here, the trial court sustained the hearsay objection and instructed the jury to disregard the comment. Where a timely objection is made at trial, the court may remedy any error by

sustaining the objection and/or instructing the jury to disregard the answer. (*People v. Whitfield* (1986), 140 Ill. App. 3d 433, 488 N.E.2d 1087.) We presume, absent a showing to the contrary, that the jury followed the trial judge's instructions to disregard the testimony in reaching their verdict. *People v. Simms* (1991), 143 Ill. 2d 154, 174, 572 N.E.2d 947, 955.

The conviction and sentence of the defendant is affirmed.

Affirmed.

W.A. LEWIS and WELCH, JJ., concur.