THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRE COLE, Defendant-Appellant.

First District (2nd Division)   No. 1—91—2711

Opinion filed December 14, 1993.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Clare T. McEnery, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

Following a jury trial, defendant Andre Cole was found guilty of burglary and sentenced as a Class X offender to 16 years in the Illinois Department of Corrections. Defendant appeals from his conviction and sentence, contending that: (1) he was not proved guilty beyond a reasonable doubt of burglary; (2) the trial court erred by failing to tender a jury instruction on criminal trespass to a vehicle; (3) the prosecutor's closing arguments misstated the law, unreasonably prejudiced defendant and denied him the right to a fair trial; and (4) the State failed to give defendant notice of the State's intention to seek an enhanced sentence. We affirm defendant's conviction and sentence for the reasons stated below.

The victim, James O'Donnell, owned a 1983 Oldsmobile Cutlass motor vehicle. On November 1, 1990, O'Donnell parked the vehicle on the driveway of his home, rolled up the windows and locked the doors. When O'Donnell returned to the vehicle the following morning, he discovered that the driver's side door was unlocked and the casing for the steering column was cracked off. The police were notified, and they lifted two sets of latent fingerprints and a partial palmprint from inside the driver's window. These prints were identified as belonging to defendant. O'Donnell did not know defendant and did not give anyone permission to enter his car between the time he parked and the time he discovered the damage.

Defendant initially contends that he was not proved guilty beyond a reasonable doubt of burglary in that the State failed to establish that his prints were placed inside the victim's car at the time of

the offense. To convict a defendant of burglary, the State must prove that the defendant, knowingly and without authority, entered the victim's motor vehicle with the intent to commit a felony or theft therein. (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a).) The crime of burglary can be proved by circumstantial evidence. (*People v. Richardson* (1984), 104 Ill. 2d 8, 13, 470 N.E.2d 1024.) Circumstantial evidence is generally sufficient to support a conviction if it is inconsistent with any reasonable hypothesis of innocence, but the trier of fact need not search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt. (*People v. Rhodes* (1981), 85 Ill. 2d 241, 249, 422 N.E.2d 605.) To sustain a conviction based on fingerprint evidence, fingerprints corresponding to the fingerprints of the defendant must have been found in the immediate vicinity of the crime under such circumstances as to establish beyond a reasonable doubt that the fingerprints were impressed at the time the crime was committed. *Rhodes*, 85 Ill. 2d at 249.

The instant case is similar to *Rhodes*, where the defendant was also convicted of burglary. At trial, the victim in *Rhodes* testified that he left his house early one morning. The house was fairly neat and the doors and windows were closed and locked. When he returned home later that day, he discovered that his back door was open and that a back door window and a porch door window had been broken. The victim testified that he did not know the defendant and did not give defendant or anyone else permission to enter his home. A police officer lifted two fingerprints from a glass fragment. The prints found at the scene were found to be the defendant's therein. The jury found the defendant guilty of burglary. Upon reviewing the case, our supreme court affirmed the conviction concluding that the evidence presented at trial excluded any reasonable theory of innocence. The evidence led the court to conclude that the defendant's fingerprint was left at the time of the commission of the crime. *Rhodes*, 85 Ill. 2d at 250.

In the case at bar, O'Donnell secured his vehicle and did not authorize anyone to enter. When he returned, the vehicle was unlocked, the steering column damaged and defendant's finger and palmprints were lifted from an inside window of the vehicle. O'Donnell did not know defendant. From this evidence the trial court reasonably inferred that the prints were left by defendant at the time of the commission of the burglary. Defendant's contention that he was not found guilty of burglary beyond a reasonable doubt is unfounded in light of the reasonable inference that his prints were impressed on the vehicle at the time of the offense.

Defendant contends that the trial court erred by refusing to

give jury instructions on the crime of criminal trespass to a vehicle, a lesser-included offense of burglary. (*People v. Dandridge* (1981), 98 Ill. App. 3d 1021, 1027, 424 N.E.2d 1262.) A lesser-included offense instruction is proper where the evidence would permit a jury to rationally find a defendant guilty of the lesser-included offense and acquit him of the greater offense. A jury may rationally find a defendant guilty of only the lesser-included offense where the greater offense includes a disputed factual element whose determination is not necessary for a conviction of the lesser-included offense. *People v. Castro* (1989), 190 Ill. App. 3d 227, 234-35, 546 N.E.2d 662.

As previously stated, to prove burglary of an automobile, the State must prove that defendant without authority, knowingly entered a "motor vehicle *** with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a).) To prove criminal trespass to a vehicle, the State must show that defendant "knowingly and without authority enter[ed] *** any vehicle" of another. (Ill. Rev. Stat. 1989, ch. 38, par. 21—2.) The intent to commit a theft is the element that distinguishes the offense of burglary from criminal trespass to a vehicle.

The damage to the vehicle's steering column is consistent with a reasonable inference that the damage occurred as the result of an attempted theft. An alternative method of starting a motor vehicle without a key is to access the starting mechanism in the steering column. Breaking the casing of the steering column is necessary to gain access.

The facts of this case are distinguishable from those instances where the damage to a vehicle is sporadic vandalism such as broken windows, slashed tires or random dents. No inference of an intent to commit a theft is derived from the mere fact that a vehicle is intentionally damaged.

However, where the damage occurs without authority and is directed in a way to start the vehicle without a key, an inference of theft is justified. The evidence supports the factual findings that defendant, without authority, knowingly entered the victim's vehicle with intent to commit a theft. No trier of fact could rationally find defendant guilty of criminal trespass to a vehicle, but not guilty of burglary. The trial court's refusal to give an instruction on the lesser-included offense of criminal trespass to a vehicle was correct.

■ Defendant further contends that the prosecutor's closing argument misstated the law and thereby denied him a fair trial. During closing argument the prosecutor stated, "[t]he law in Illinois supports that theory, fingerprints are enough alone to convict." Defense counsel objected, the trial court sustained the objection and told the jury to disregard the comment.

It is well established that prosecutors have a great deal of latitude in making closing arguments. The trial court's determination as to the propriety and possible prejudicial effect of the prosecutor's closing argument will be followed absent an abuse of discretion. (*People v. Cisewski* (1987), 118 Ill. 2d 163, 175, 514 N.E.2d 970.) In reviewing allegations of prosecutorial misconduct, the closing arguments of the State and the defendant must be examined in their entirety. (*Cisewski*, 118 Ill. 2d at 175-76.) To merit reversal the prosecutor's remarks must result in substantial prejudice to the accused. *People v. Morgan* (1986), 112 Ill. 2d 111, 132, 492 N.E.2d 1303.

Prosecutorial remarks which are improper generally do not constitute reversible error unless they result in substantial prejudice to the accused. (*Morgan*, 112 Ill. 2d at 132.) The test is whether the verdict would be different had the comment not been made. (*Morgan*, 112 Ill. 2d at 132.) There is no support in the record for the proposition that the verdict would be different if the improper comment had not been made.

While the prosecutor's comment was misleading, it did not prejudice defendant to the extent of denying him a fair trial. The trial court sustained defendant's objection to this comment. Immediately the trial court admonished the jury to disregard the comment. Later, the trial court read and tendered a written instruction to the jury that reinforced the admonishment. This instruction stated that where an objection is sustained by the court, the jury should disregard that evidence and exclude it from deliberation. The trial court's management of this comment was proper, and there is nothing in the record that indicates that defendant was unreasonably prejudiced.

■ Defendant's final contention is that his sentence should be vacated because the prosecutor failed to notify him that the State intended to seek an enhanced sentence. Notice is required under section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 111—3 (c)), which provides in pertinent part:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. *** For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense ***; it does not include an increase in the sentence applied within the same level of classification of offense." (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c).)

The above provision is not applicable to the case at bar. This provi-

sion applies to those situations where the enhanced Class X sentence is triggered by defendant's prior conviction, and the class of the offense is increased to a higher classification. Where the sentence, but not the classification of offense, is enhanced by defendant's prior convictions, there is no statutory requirement that the State notify defendant of its intention to seek an enhanced penalty. Defendant was sentenced as a Class X offender in compliance with *People v. Contreras* (1993), 241 Ill. App. 3d 1023, 609 N.E.2d 949.

In his initial brief submitted to this court, defendant contended that the State did not prove him eligible for sentencing as a Class X offender. However, in his reply brief defendant concedes that issue in light of the holding in *People v. Williams* (1992), 149 Ill. 2d 467, 599 N.E.2d 913.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.