THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS GLENN, Defendant-Appellant.

Second District    No. 2—93—0143

Opinion filed September 26, 1994.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and Lisa A. Hoffman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

A jury convicted defendant, Demetrius Glenn, of the unlawful delivery of less than one gram of a substance containing cocaine, a Class 2 felony. (See Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1401(d) (now 720 ILCS 570/401(d) (West 1992)).) Defendant was sentenced as a Class X offender to eight years' incarceration pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3(c)(8) (now 730 ILCS 5/5—5—3(c)(8) (West 1992))) because he had twice been convicted of a Class 2 or greater class felony in this State. Defendant appeals only his sentence.

On appeal, defendant argues that the sentence was improper

because the charging instrument failed to notify defendant of the State's intent to seek the enhanced penalty, in violation of section 111—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 111—3(c) (now 725 ILCS 5/111—3(c) (West 1992))). We disagree. Directly on point is *People v. Contreras* (1993), 241 Ill. App. 3d 1023, a case neither party cites. *Contreras* held that the notification requirement of section 111—3(c) does not apply where a sentence is enhanced pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections, as under the latter provision, the prior convictions increase *only* the sentence and not the *classification* of the offense itself. The court noted that, although section 111—3(c) addresses the situation where the State seeks an "enhanced sentence," the provision then defines "enhanced sentence" as an enhanced *classification* of the offense. Notwithstanding that the drafters of section 111—3(c) might have saved confusion by using the phrase "enhanced classification" throughout, we agree with *Contreras* that the language requiring notification is inapplicable in a case such as this one, where the classification of the offense itself has never been enhanced. See also *People v. Cole* (1993), 256 Ill. App. 3d 1, 6, following *Contreras*.

We must modify the trial court's judgment in one respect. Although neither party has raised the issue, the court's written "Judgment and Sentence" of January 28, 1993, incorrectly states that defendant was convicted of a Class X felony. As we have explained, defendant was convicted of a Class 2 felony, but he was sentenced as a Class X offender. After reviewing the transcript of the sentencing hearing, we have no doubt that the sentencing judge was aware of this distinction and that the statement in the January 28, 1993, order was an oversight. Thus, on our own motion, we vacate that part of the order stating that defendant was convicted of a Class X felony and modify it to state that defendant was convicted of a Class 2 felony. In all other respects, defendant's conviction and sentence are affirmed.

Affirmed as modified.

COLWELL and PECCARELLI, JJ., concur.